**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUANITA KAMAGI, | No. 09-72425 |
| Petitioner, | Agency No. A096-362-372 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Juanita Kamagi, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Kamagi contends she suffered past persecution on the basis of an attack in 1997 and her husband's loss of employment in 2000, and she contends she will be persecuted in the future as an ethnic Chinese Christian. We reject Kamagi's request to remand her case because the BIA reasonably concluded that the IJ made a finding of no past persecution and also made its own determination that the 1997 attack did not constitute past persecution. The record does not compel the conclusion that the incidents Kamagi cites, even cumulatively, rise to the level of persecution. *See id.* at 1059-60 (two beatings and robberies and being accosted by hostile mob did not compel finding of past persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (termination of petitioner's employment because of her religious beliefs was "not the type of economic deprivation that rises to the level of persecution"). Further, substantial evidence supports the BIA's finding that, even as a member of a disfavored group, Kamagi failed to establish the requisite individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner did not show individualized risk where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese

Indonesians"); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004).

Accordingly, Kamagi's asylum claim fails.

Because Kamagi failed to meet the lower standard of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**